**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ROBERT BOBE,  CASE NO.:

    Plaintiff,

v.

TRIANGLE AUTO CENTER, INC.
d/b/a TOYOTA OF HOLLYWOOD,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT BOBE ("Mr. Bobe" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, TRIANGLE AUTO CENTER, INC. d/b/a TOYOTA OF HOLLYWOOD ("TAC" or "Defendant"), a Florida profit corporation, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, an equal amount as liquidated damages, front pay, emotional distress damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FWA claim, as it arises out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Defendant is a Florida profit corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

6. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant, most recently as a Sales Manager, at its Toyota of Hollywood location in Hollywood, Florida from May 12, 2012, until his termination on April 15, 2020.

10. Mr. Bobe was consistently one of the top two (2) producers in his store since being promoted to Sales Manager, and has an outstanding record of performance in his personnel file.

11. In March of 2020, TAC's General Sales Manager, Herbie Lopez, returned from a trip to Europe during the peak of the corona/COVID-19 virus crisis.

12. Instead of quarantining himself for fourteen (14) days per Centers for Disease Control ("CDC") guidelines, Mr. Lopez improvidently returned to work on TAC's premises shortly after his return from Europe.

13. On March 20, 2020, Mr. Bobe objected to TAC, through his wife, that TAC's actions violated, *inter alia*, Section 3 of Broward County Administrator's Emergency Order 20-01, further Administrator's Emergency Orders promulgated by Broward County in response to the corona/COVID-19 virus crisis, Section 3 of Florida Governor's Executive Order Number 20-89, Section 1 of Florida Governor's Executive Order Number 20-91, and the General Duty Clause of the Occupational Safety and Health Act ("OSHA").

14. Mr. Bobe's objections constituted protected activity under the FWA.

15. Shortly thereafter, TAC General Manager Steve Ostrov and Mr. Lopez berated Mr. Bobe for his prudent objections to TAC's violations of law.

16. During March of 2020, as the corona/COVID-19 virus raged, TAC hosted barbecues and childrens' face-painting and games open to the general public.

17. Incredibly, TAC managers and supervisors instructed TAC personnel not to wear masks or gloves despite the raging corona/COVID-19 virus crisis and the above-noted laws, rules, orders, and regulations.

18. Mr. Bobe and other TAC Managers were instructed by Mr. Ostrov and Mr. Lopez that if any TAC employees wished to wear masks or gloves, that they were to be sent home.

19. Mr. Bobe repeatedly asked Mr. Ostrov and Mr. Lopez about safety issues like this, and each time, he was told simply, "we have hand sanitizer, just keep washing your hands."

20. In late March of 2020, Mr. Bobe objected to Messrs. Ostrov and Lopez that social distancing was not being observed by TAC, in violation of OSHA and also in violation of Section 3 of Broward County Administrator's Emergency Order 20-01.

21. In response, Mr. Lopez told Mr. Bobe, "we are Latinos and we hug and kiss each other. It's a cultural thing."

22. Also in late March of 2020, Mr. Bobe began suffering symptoms of a serious health condition.

23. Specifically, Mr. Bobe developed a severe sinus headache, chest congestion, and diarrhea.

24. Mr. Bobe therefore visited his physician on March 31, 2020, in order to treat and address his serious health condition.

25. Mr. Bobe's physician asked him whether he had been in contact with anybody who might have corona/COVID-19, and Mr. Bobe answered candidly that, as noted above, one of his managers had just returned from Europe and had refused to quarantine himself.

26. Mr. Bobe's doctor therefore ordered Mr. Bobe to quarantine himself for two (2) weeks.

27. Mr. Bobe immediately informed Paul Rotmil in TAC's Human Resources Department of his serious health condition.

28. In response to Mr. Bobe's disclosure, TAC failed to advise Mr. Bobe of his rights and obligations under the FMLA, or to provide him with requisite FMLA paperwork.

29. TAC's failure to do so constituted actionable interference in violation of the FMLA.

30. During his call with Mr. Rotmil, Mr. Bobe once again objected that TAC's actions violated, *inter alia*, Section 3 of Broward County Administrator's Emergency Order 20-01, further

Administrator's Emergency Orders promulgated by Broward County in response to the corona/COVID-19 virus crisis, Section 3 of Florida Governor's Executive Order Number 20-89, Section 1 of Florida Governor's Executive Order Number 20-91, and OSHA's General Duty Clause.

31. Mr. Bobe's objections constituted protected activity under the FWA.

32. In response to Mr. Bobe's objections, Mr. Rotmil stated that he would "look into it."

33. Instead, on April 15, 2020, Mr. Ostrov called Mr. Bobe and told him that TAC had decided to "furlough" Mr. Bobe.

34. Mr. Bobe asked Mr. Ostrov whether, if he was able to show TAC a test indicating he was negative for corona/COVID-19 virus, he could return to work.

35. Mr. Ostrov replied, "no."

36. Mr. Bobe asked, "does that mean I no longer have a job at Toyota of Hollywood?"

37. Mr. Ostrov replied, "yes."

38. TAC offered no cogent explanation for its termination of Mr. Bobe's employment.

39. Mr. Bobe tested negative for COVID-19 soon after TAC terminated his employment.

40. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Bobe notifying TAC of his serious health conditions, and in retaliation for Mr. Bobe's need to utilize unpaid leave pursuant to the FMLA in order to treat and address same, and in retaliation for his objections to Defendant's violations of law.

41. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

42. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's violations of law.

43. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

44. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

45. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his attempted utilization of what should have been protected FMLA leave.

46. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

47. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and his firing, is sufficiently close to create the necessary nexus between the events.

48. The persons to whom Plaintiff voiced his objections to Defendant's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating his employment.

49. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

50. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Tharpe as a whistleblower under the law.

51. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) (s)he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) (s)he suffered an adverse employment action; and (3) the adverse employment action was causally linked to her or his objection or refusal).

52. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

53. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

54. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

55. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

56. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 10, 22 through 29, 33 through 45, 49, and 53 through 55, above, as if fully set forth in this Count.

57. At all times relevant hereto, Plaintiff was protected by the FMLA.

58. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

59. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide him FMLA paperwork or to advise him of his rights and responsibilities under the FMLA despite his disclosure of his serious health condition, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

60. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 10, 22 through 29, 33 through 45, 49, and 53 through 55, above, as if fully set forth in this Count.

63. At all times relevant hereto, Plaintiff was protected by the FMLA.

64. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

65. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for disclosing his serious health condition, for attempting to apply for FMLA leave, and for attempting to utilize what should have been FMLA-protected leave.

66. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

67. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

68. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT - UNLAWFUL RETALIATION

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 21, 30 through 38, 40 through 42, and 46 through 55, above, as if fully set forth in this Count.

70. On April 15, 2020, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

71. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

72. Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

73. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 18th day of September, 2020.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*